UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Steven Fredric Dullum,

Petitioner,

vs. REPORT AND RECOMMENDATION

Bruce Wynkoop, and James R. Konen,

Respondents. Civ. No. 01-1374 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 14th day of August, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petitioner's Application to Proceed in forma pauperis. The Petitioner appears pro se and, in view of the fact that his Petition has yet to be served, no appearance has been made by, or on behalf of, the Respondents. For reasons which follow, we recommend that the Petition be dismissed, as frivolous, and that the Petitioner's Application to Proceed in forma pauperis be denied, as moot.

II. Factual and Procedural Background

On July 27, 2001, the Petitioner filed a Petition for Writ of Habeas Corpus, under Title 28 U.S.C. §2254, with the Clerk of

FILED AUG 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Court, together with an Application to Proceed in forma pauperis. In his Petition he alleges that his "conviction was gained by [coercion] and use of shunt and stent re: brainwashing." Although the bases for the Petition are far from clear, it appears that the Petitioner asserts that unnamed authorities placed a shunt and stent into his sinuses and ear canals, and that the placement violated his constitutional rights. He also appears to contend that his conviction, in the Minnesota District Court for Ramsey County, Minnesota, on May 8, 2001, for the possession of methamphetamine, was obtained through the coercive effects of the shunt.[1] The Petitioner has pursued no appeals, in the Minnesota State Courts, on the claims he seeks to raise here.

III. Discussion

A. Standard of Review. Pursuant to Congressional directive, as well as the preexisting law of this Circuit, actions which have been provisionally commenced in conjunction with an Application to proceed in forma pauperis are to be immediately reviewed -- prior to the service of process, and prior to a decision on whether to grant in forma pauperis standing -- for possible dismissal on the grounds of frivolousness, pursuant to Section 1915(e)(2)(B)(i). See, Title 28 U.S.C. §1915(a); see also, Ross v. Social Security

[1]The Petitioner is currently not incarcerated, but is awaiting sentencing on his State Court possession conviction.

Admin., 949 F.2d 1021, 1022 (8th Cir. 1991); Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994), citing Gentile v. Missouri Dept. of Corrections, 986 F.2d 214 (8th Cir. 1993).[2]

When it first extended the right to proceed in forma pauperis, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because * * * poverty makes it impossible * * * to pay or secure the costs of litigation." Denton v. Hernandez, 504 U.S. 25, 31 (1992)(internal quotations, and citations, omitted). At the same time, "Congress recognized that a litigant whose filing fees and court costs are

---

[2]Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996))("the PLRA"). It replaces Section 1915(d), which authorized the dismissal of an in forma pauperis Petition only if it was found to be "frivolous." See, Neitzke v. Williams, 490 U.S. 317, 325 (1989)(holding that a prisoner's claim is "frivolous" and, therefore, subject to dismissal under Section 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996 -- the effective date of the PLRA -- provides for dismissal of in forma pauperis cases not only when the charge is "frivolous," see, Title 28 U.S.C. §1915(e)(2)(B)(i), but also, when it "fails to state a claim on which relief may be granted," see, Title 28 U.S.C. §1915(e)(2)(B)(ii).

With the enactment of Section 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the present Petition is "frivolous" but, as a matter of indulgence, we address the Plaintiff's claim under the more lenient "frivolous" standard, and we find that the Plaintiff has not advanced "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. (internal quotations, and citations, omitted). Therefore, as we have noted, Congress has instructed Courts to dismiss, sua sponte, any in forma pauperis Application, whose underlying claim is frivolous.[3]

"Section 1915 dismissals should be made only where it is determined the lawsuit is baseless and that the plaintiff cannot make any rational argument in law or fact entitling him to relief." Williams v. White, supra at 944. In this reviewing process, pro se claims must be liberally construed, and a dismissal is warranted only if the face of the claim shows some insuperable bar to relief.

---

[3]Section 1915(e)(2) now states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

See, Denton v. Hernandez, 504 U.S. 25, 32 (1992); Haines v. Kerner, 404 U.S. 519, 520 (1972); Munz v. Parr, 758 F.2d 1254, 1258 (8th Cir. 1985). Sua sponte dismissals are disfavored. See, Divers v. Department of Corrections, 921 F.2d 191, 193 (8th Cir. 1990); Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). Therefore, in a close case, the Trial Court should permit the claim to proceed at least to the point where responsive pleadings are required. Neitzke v. Williams, supra at 323; Williams v. White, supra at 943.

In a sua sponte review of a Complaint under Section 1915(e)(2)(i), the Court must assume the task of dissecting the claim and of eliminating mere rhetoric and legal or factual conclusions, in order to rationally determine if there are any sound factual allegations that will constitute a claim upon which relief can be granted on a legally arguable basis. Cf., White v. Bloom, 621 F.2d 276 (8th Cir. 1980). Accordingly, we now review the Plaintiff's claims, with the focus of our inquiry being directed by the provisions of Section 1915(e)(2)(B)(i), in order to determine if this action can survive the test of frivolousness. See, Williams v. White, 897 F.2d 942, 944 n. 1 (8th Cir. 1990).

B. Legal Analysis. With these precepts in mind, we find the Petitioner's claim to be frivolous. As a result, we are obliged to recommend that the Petition be dismissed as frivolous, pursuant to

Title 28 U.S.C. §1915(e)(2)(B)(i), and that the Application to proceed in forma pauperis be denied, as moot.

Section 2254(b) prohibits the issuance of a Writ of Habeas Corpus "unless it appears that the applicant has exhausted the remedies of the State." Title 28 U.S.C. §2254(b)(1). Accordingly, a State prisoner, who seeks Federal Habeas relief, must first exhaust his State remedies by presenting the State Courts with a fair opportunity to rule upon the claims presented in his Federal Petition. See, Picard v. Conner, 404 U.S. 270, 275 (1971) (exhaustion of State remedies doctrine mandates the presentation of Federal constitutional claims to the State Courts at least once on direct or collateral review); see also, Duncan v. Henry, 513 U.S. 364, 365 (1995)(exhaustion requires State prisoners to "fairly present" Federal claims to the State Courts); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996); Krimmel v. Hopkins, 56 F.3d 873, 875-76 (8th Cir. 1995).

In this context, a claim has not been "fairly presented" to the State Courts unless the same factual grounds, and legal theories, which are asserted in the Federal Habeas Petition, have been properly raised in the State Court proceedings. See, Abdullah v. Groose, supra at 411 ("[P]risoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus

claim"); Krimmel v. Hopkins, supra at 876. To satisfy the "fairly presented" requirement, a State prisoner is required, in the State proceedings, to have "refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Abdullah v. Groose, supra at 411-12, quoting Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993); see also, McDougald v. Lockhart, 942 F.2d 508, 510 (8th Cir. 1991)("Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court.").

If the Petitioner has failed to exhaust his State Court remedies, and if the Court to which he should have presented his claim would now find it procedurally barred, the claim is procedurally defaulted. See, Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991). In addition, if a Petitioner has attempted to raise a claim in State Court, but the State Court determines that the Petitioner has defaulted the claim under a State procedural rule, Federal Courts will not, as a general proposition, consider the claim on Habeas review. See, Coleman v. Thompson, supra at 750; Sloan v. Delo, supra at 1378.

Accordingly, "[a] default under a state procedural rule bars consideration of a federal claim presented to the state courts if

the last state court to review the claim specifically rested its decision on an adequate and independent state ground * * *." Sloan v. Delo, supra at 1378, citing Harris v. Reed, 489 U.S. 255, 260-63 (1989). A claim that is procedurally defaulted under State law, however, is barred from Federal review only if the State procedural rule is firmly established and regularly followed. See, Oxford v. Delo, 59 F.3d 741, 744 (8th Cir. 1995), citing Ford v. Georgia, 498 U.S. 411, 423-24 (1991); see also, Harris v. Reed, supra at 262 ("[A]n adequate and independent finding of procedural default [as a matter of State law] will bar federal habeas review of the federal claim").

Federal Courts generally may "not consider a state prisoner's federal habeas claim if the state court found the claim to have been defaulted." Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997, citing Coleman v. Thompson, supra at 750. Nevertheless, a Federal Habeas Court may consider a Petitioner's procedurally defaulted claims if the Petitioner establishes "cause for and prejudice from his default," Joubert v. Hopkins, supra at 1242, or presents a showing "that he has evidence of his actual innocence and that a miscarriage of justice will occur unless his claims are reviewed." Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). In order to demonstrate "cause and actual prejudice," the Petitioner must present adequate cause for abandoning his State Court

remedies, and a showing of actual prejudice that has been produced as a result of his having bypassed his remedies under State law. See, Pollard v. Armontrout, 16 F.3d 295, 297 (8th Cir. 1994), quoting Schlup v. Delo, supra at 868.

Here, the Petitioner has clearly not obtained review of his conviction through the Minnesota State Courts, either directly, or collaterally, and he has not provided any explanation for his failure to do so. Therefore, absent a cogent showing that his Petition should proceed, notwithstanding his failure to exhaust his State Court remedies, we are required to recommend that his Petition be dismissed, as frivolous. The dismissal should be without prejudice, however, as Petitioner may still attempt to exhaust his appeals, directly and collaterally, in the State Court, and then proceed to this Court. Thus, we recommend that the Petition be summarily dismissed, as frivolous, but without prejudice.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed as frivolous, pursuant to Title 28 U.S.C. §1915(e)(2)(B)

(i), for the failure to exhaust State Court remedies, that the dismissal be without prejudice, and that the Application to proceed in forma pauperis [Docket No. 2] be denied as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 31, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 31, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to

review the transcript in order to resolve all of the objections made.